**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN CARTER, et al., | : | FILED<br>HARRISBURG, PA |
| Plaintiffs | : | JUL 1 9 2000 |
| v. | : 1:CV-00-0834 | MARY E. D'ANDREA, CLERK<br>Per_____ Deputy Clerk |
| MARTIN HORN, COMMISSIONER,<br>DEPT. OF CORRECTIONS, et al., | : (Judge Caldwell) | |
| Defendants | : | |

**BRIEF IN SUPPORT OF COMMONWEALTH
DEFENDANTS' MOTION TO DISMISS**

**NATURE OF THE ACTION AND THE PARTIES**

This is civil rights action for damages and injunctive relief brought pursuant to 42 U.S.C. §1983 by pro se prisoners alleging unconstitutional conditions of confinement at the State Correctional Institution at Waymart, Pennsylvania ("SCI-Waymart"). Plaintiffs seek class action certification for themselves and the 1600 inmates they suggest have been incarcerated at SCI-Waymart since 1993.

The complaint names thirteen Commonwealth defendants. Of these defendants, Martin Horn and Jeffrey A. Beard are employed by the Department of Corrections Central Office located in Camp Hill, Pennsylvania. Defendants Colleran, Wynder, Shemo, Patterson, DelRosso, Chipego, Friedman, Patterson, Booth, and Herbert are employees of the Department of Corrections and assigned to SCI-Waymart. Defendant Gerald Sobotor is an employee of the Department of Corrections assigned to the State Correctional Institution at Chester, Pennsylvania.

## STATEMENT OF FACTS

Plaintiffs allege a myriad of conditions at SCI-Waymart that they believe violate their constitutional right against cruel and unusual punishment. As against the Commonwealth defendants, plaintiffs allege, inter alia, they are subjected to unsanitary preparation and service of food and drink; a lack of adequate storage space in their cells for personal belongings; fire hazards; discriminatory practices in the hiring of African-American correctional officers, prison staff, and teachers; overcrowding; not enough books and audiotapes reflecting African-American culture in the prison library; denial of religious freedom for Native American inmates (none of the named plaintiffs alleges Native American status); insufficient safety equipment in the prison industries; and, unfairness in the selection of television programs on the cell block.

## PROCEDURAL HISTORY

This action was originally filed before the United States District Court for the Eastern District of Pennsylvania. Commonwealth defendants filed a motion to transfer the case pursuant to 28 U.S.C. § 1404(a). On March 30, 2000, the Honorable Anita B. Brody transferred the case to the United States District Court for the Middle District of Pennsylvania.

On July 7, 2000, Commonwealth defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). This brief is in support of their motion.

## QUESTIONS PRESENTED

**SHOULD THE COMPLAINT BE DISMISSED BECAUSE PLAINTIFFS HAVE FAILED TO EXHAUST ADMINISTRATIVE REMEDIES WITHIN THE PRISON SYSTEM PRIOR TO FILING THEIR FEDERAL COMPLAINT?**

## ARGUMENT

**THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFFS HAVE FAILED TO <u>EXHAUST THEIR ADMINISTRATIVE REMEDIES.</u>**

Before addressing the substantive issues in the complaint, it must first be determined whether plaintiffs have complied with the Prison Litigation Reform Act, 42 U.S.C. § 1997e. <u>See</u> <u>Perez v. Wisconsin Dep't of Corrections</u>, 182 F.3d 532, 536 (7th Cir. 1999). Because plaintiffs have failed to comply with the PLRA by not pursuing administrative relief, the complaint should be dismissed without further review.

In 1996, Congress enacted the PLRA, and amended 42 U.S.C. §1997e(a) to read:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a) (West Supp. 1999).

Pursuant to the PLRA, inmates are required to exhaust all applicable administrative remedies prior to filing an action in federal court. Earlier this year, the Third Circuit decided two cases holding that exhaustion of administrative remedies was mandatory prior to seeking federal review. <u>See</u> <u>Nyhuis v. Reno</u>, 204 F.3d 65 (3d Cir. 2000); <u>Booth v. Churner</u>, 206 F.3d 289 (3d Cir. 2000), *petition for cert. filed*, (U.S. June 5, 2000)(No. 99-1964). <u>See also</u> <u>Ahmed v. Sromovski</u>, 2000 WL

3

863111 (E.D. Pa June 27, 2000)(Interpreting <u>Nyhuis</u> and <u>Booth</u>, district court dismisses complaint without prejudice for failure to exhaust administrative remedies and does not evaluate merits of complaint).[1]

In <u>Nyhuis</u>, the Third Circuit examined the question of whether an inmate was required to exhaust administrative remedies where the relief sought by the inmate was not available through the administrative process. Nyhuis, a prisoner at a federal prison, filed a <u>Bivens</u> [<u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971)] action against prison officials who confiscated several items of his personal property. He did not pursue administrative remedies. On appeal, he argued exhaustion was not required because the administrative process did not provide the relief sought: monetary damages and declaratory relief Interpreting 42 U.S.C. § 1997e(a), the Third Circuit held exhaustion was mandatory even though the administrative process did not provide the inmate with the relief sought in federal court. <u>Id.</u> at 67. Moreover, the Court adopted a bright-line rule that inmate-plaintiffs must exhaust all available administrative remedies prior to seeking federal review. <u>Id.</u> at 75.

In <u>Booth</u>, the inmate alleged officers used excessive force against him. Booth claimed in his complaint "I need out of this jail before they kill me. And I want each and every officer to be punished for assaulting me. Please, I'm in fear of my life." <u>Id.</u> at 292. In affirming the district court's order dismissing Booth's complaint, the Court reiterated the <u>Nyhuis</u> rule that an inmate must exhaust all administrative remedies prior to seeking federal review. <u>Booth</u> at 291. The <u>Nyhuis</u> rule applies in equal force to § 1983 claims brought against state officials. <u>Booth</u> at 300.

---

[1] A copy of the <u>Ahmed</u> decision is attached as Exhibit "A" in Documents in Support of Commonwealth Defendants' Motion to Dismiss.

4

Applying these decisions, the complaint must be dismissed because the inmates have not first given the prison officials the opportunity to address the inmate concerns through the administrative process. The Pennsylvania Department of Corrections has implemented a Consolidated Inmate Grievance System available to all state prisoners which is set forth in Department of Corrections Administrative Directive ("DC-ADM") 804.[2] Section VI of ADM-804 provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Grievance Coordinator; an appeal from the Coordinator' decision may be made in writing to the Facility Manager or Community Corrections Regional Director; and a final written appeal may be presented to the Chief Hearing Examiner.

Here, there is no evidence that the inmates have pursued the administrative process. To the extent the inmates filed grievances regarding any of the claims raised in their complaint, they did not fully exhaust the grievance process. Accordingly, the Court should not entertain the claims until such time as the inmates exhaust the administrative process.

Among the many reasons the Third Circuit has held exhaustion is required is the advantage to the federal courts of allowing prison officials to have an opportunity to correct problems prior to inmates using the resources of the federal judiciary.[3] See Nyhuis at 71. In this case, plaintiffs have

---

[2] A copy is attached as Exhibit "B" in Documents in Support of Commonwealth Defendants' Motion to Dismiss.

[3] Recently, for example, plaintiff Carter filed a grievance complaining that the pancakes served one morning contained too much salt. The grievance officer conducted an investigation and agreed with Carter's assessment. The officer concluded that salt was mistakenly added in place of sugar when mixing one of the three batches of pancakes served to inmates that morning. The grievance officer apologized and stated the prison would attempt to avoid this problem in the future. Commonwealth defendants suggest this example shows the importance of permitting prison officers to have an opportunity to address inmate concerns prior to federal court litigation.

5

not given prison officials a chance to address their concerns prior to filing this lawsuit. Accordingly, the complaint should be dismissed.[4]

## CONCLUSION

Because the complaint does not comply with the requirements of the PLRA, the complaint should be dismissed.

                                                  **Respectfully submitted,**

                                                  **D. MICHAEL FISHER**
                                                  Attorney General

By:   */s/ Seth A. Mendelsohn*
          **SETH A. MENDELSOHN**
          Deputy Attorney General
          Attorney ID# 77063

          **SUSAN J. FORNEY**
          Chief Deputy Attorney General

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg PA 17120**
(717) 787-1194
(717) 772-4526 FAX
smendelsohn@attorneygeneral.gov

**DATE:**   **JULY 19, 2000**

---

[4]Commonwealth defendants concur with the position of the medical co-defendants that a class action would be inappropriate in this case.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CARTER, et al., :
:
**Plaintiffs** :
:
v. : 1:CV-00-0834
:
MARTIN HORN, COMMISSIONER, : (Judge Caldwell)
DEPT. OF CORRECTIONS, et al., :
:
**Defendants** :

### CERTIFICATE OF SERVICE

I, Seth A. Mendelsohn, Deputy Attorney General, hereby certify that on this date I caused

to be served the foregoing, **Brief in Support of Commonwealth Defendants' Motion to Dismiss**

by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA.,

addressed to the following:

John Carter #CN-1404
SCI-Waymart
Box 256
Waymart, PA 18472

Jimmy McWhirter, #CC-8387
SCI-Waymart
Box 256
Waymart, PA 18472

Mariano Pellot, #BE-2490
SCI-Waymart
Box 256
Waymart, PA 18472

David Campell, #DJ-0505
SCI-Waymart
Box 256
Waymart, PA 18472

Lawrence M. Silverman, Esq.
Jonathan J. Bart, Esq.
Silverman Bernheim & Vogel
2 Penn Center Plaza
Suite 910
Philadelphia, PA 19102
(Counsel for Co-defendants)

Arthur Carmichael, #DD-0875
SCI-Waymart
Box 256
Waymart, PA 18472

*Seth A. Mendelsohn*
**SETH A. MENDELSOHN**
**DEPUTY ATTORNEY GENERAL**

**DATE: JULY 19, 2000**