# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CARTER, et al., : | |
| Plaintiffs : | 1:CV-00-0834 |
| VS. : | (Judge Caldwell) |
| MARTIN HORN, COMMISSIONER, : | |
| DEPT. OF CORRECTIONS, et al., : | |
| Defendants : | |

---

TO: MARY E. D'Andrea, (Clerk)

U.S. District Court

228 Walnut Street

P.O. Box 983

Harrisburg, Pa. 17108

Dear Clerk:

    Enclosed please find One Original and Two copies of Plaintiffs' Brief In Support of Plaintiffs' Motion In Opposition To Commonwealth Defendants' Motion To Dismiss ** ( WHICH WAS INADVERTENTLY FORWARDED TO YOUR OFFICE " UNSIGNED ".

    I have this date complied with your order, and have signed each petition, and immediately replaced them in the mail for return delivery.

    I am truly sorry for the inconvience caused to you because of my error and thus pray your forgiveness.

    I again thank you for your consideration and cooperation in this matter; And remain,

Yours truly

*Arthur Carmichael*

Arthur Carmichael

P.P. NO. 00-0875

P.O. Box 256

Waymart, Pa. 18472-0256

DATED: August 9, 2000 c.e.

ORIGINAL 

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CARTER, ET AL.,

    Plaintiffs

VS.                              :   1:CV-00-0834

MARTIN HORN, COMMISSIONER,       :   (Judge Caldwell)
DEPT. OF CORRECTIONS, ET AL.,    :

    Defendants



FILED AUG 14 2000 PER HARRISBURG, PA. DEPUTY CLERK

BRIEF IN SUPPORT OF PLAINTIFFS' MOTION

IN OPPOSITION TO THE COMMONWEALTH'S MOTION TO DISMISS

## NATURE OF THE ACTION AND THE PARTIES

This is a civil rights action for damages and injunctive relief brought pursuant to 42 U.S.C. §1983 by pro se Plaintiffs/prisoners alleging unconstitutional conditions of confinement at the State Correctional Institution at Waymart, Pennsylvania ("SCI-Waymart"). Plaintiffs seek class action certification for themselves and the approximate 1800 inmates who have been incarcerated at SCI-Waymart since 1993.

The complaint names thirteen Commonwealth defendants. Of these defendants, Martin Horn and Jeffrey Beard are employed by the Department of Corrections Central Office located in Camp Hill, Pennsylvania. Defendants Calleran, Wynder, Chesno, Patterson, Delfosse, Chipego, Friedman, Patterson, Booth, and Herbert are employees of the Department of Corrections and assigned to SCI-Waymart. Defendant Gerald Scboter is an employee of the Department of Corrections assigned to the State Correctional Institution at Chester, Pennsylvania.

## STATEMENT OF FACTS

Plaintiffs have claimed that the conditions of confinement at SCI-Waymart violate their constitutional rights against cruel and unusual punishment; As well as, rights guaranteed them under the First, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution. As stated by the Commonwealth Defendants in their brief: Plaintiffs have claimed, inter alia, that they are subjected to unsanitary preparation and service of food and drink; a lack of adequate storage space in their cells for personal belongings; fire hazards; discriminatory practices in hiring; overcrowding; not enough books and audiotapes reflecting African-American culture in the prison library; denial of religious freedom for Native American inmates (defendants allege that none of the named plaintiffs alleges Native American status); (defendants allegation here is assumptive and incorrect; Because, under Statement Of Claims, paragraph 19, Lines 1-2, speaks of Plaintiffs and CLASS being denied their constitutional right to practice their religion without fear or penalty; This allegation

speaks to Plaintiffs (of which Jimmy McWhirter is a Native American; As well as, to the putative CLASS of which Nineteen are Native Americans); Moreover, Defendants fail to mention that it is alleged that Jehovah's Witnesses are suffering the same kind of discriminatory practices by the named defendants. Insufficient safety equipment in the Prison Industries; and, unfairness in the selection of television programs on the cell block (To the extent that Defendants have set this forth as a allegation by Plaintiffs it is AGREED; However, the Basic allegation is that of Preferential treatment by Block Officers, in their selection of Inmates to select T.V. Programs.

## PROCEDURAL HISTORY

Plaintiffs originally filed their complaint in the United States District Court for the Eastern District of Pennsylvania. The Commonwealth Defendants filed a motion to transfer the case pursuant to 28 U.S.C. § 1404(a). On March 30, 2000, the Honorable Anita B. Brody transferred the case to the United States Middle District of Pennsylvania.

On July 7, 2000, the Commonwealth Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

On July 18, 2000, Plaintiffs filed a Motion In Opposition To Commonwealth Defendants' Motion To Dismiss.

On July 19, Commonwealth Defendants filed a Brief In Support Of Commonwealth Defendants' Motion To Dismiss; And,

Now comes a Brief In Support Of Plaintiffs' Motion In Opposition To Commonwealth Defendants' Motion To Dismiss.

## QUESTIONS PRESENTED

## SHOULD THE COMPLAINT BE DISMISSED BECAUSE THE PLAINTIFFS HAVE FAILED TO EXHAUST ADMINISTRATIVE REMEDIES WITHIN THE PRISON SYSTEM PRIOR TO FILING THEIR FEDERAL COMPLAINT

Suggested response: NO.

## ARGUMENT

## THE COMPLAINT SHOULD NOT BE DISMISSED BECAUSE PLAINTIFFS HAVE FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES

The Defendants have claimed (citing the Prison Litigation Reform Act, 42 U.S.C. § 1997e; that because plaintiffs have failed to comply with the PLRA by not pursuing administrative relief, the complaint should be dismissed without further review. Plaintiffs AGREE in part, and DISAGREE in part.

It is agreed that Generally pursuant to the PLRA, inmates are required to exhaust all Applicable administrative remedies prior to filing an action in Federal Court; However,

Plaintiffs maintain that for the reasons which follows, wherein plaintiffs intend to show how their case falls within an exception to the "Exhaustion" Doctrine:

1. Plaintiffs aver that to the best of their knowledge, information and belief as to exhaustion procedure, they have made a good faith

-4-

efforts to have such of their issues as are understood to be resolvable via the Institution's Grievance Procedure. Other issues not so grievanced was due to fear of retaliation, because of the nature of the complaint, as well as the subject of the complaint.

2. Plaintiffs maintain that the existing administrative remedy process at SCI-Waymart is inadequate in the following ways:

    (a). There is no timely or good faith review of grievances filed at any procedural level; Because, beginning from initial Informal review, there is a pattern and practice by all concerned in the grievance procedure, to do things which not only is meant to bar an inmate from further review of their grievances; Such as,

    (b). Any complaint made to a Block Officer, Sergeant, Captain, or Unit-Manager, results in a getting together of interested parties, ( not for the purpose of trying to resolve the matter in good faith) to make arbitrary and false statements to the complaining inmate; So that, when the inmate submits an initial Grievance; the Grievance Coordinator will either agree with the Informal Review Official, or as in many cases fail to respond to the Grievance at all: which leaves the inmate in a state of confusion and futility as to what to do next. See e.g.: Exhibit "A", which illustrates how Staff and subordinates makes false statements; And, such responses are typical of what occurs with any complaint an/or grievance submitted by either general, or Putative plaintiffs.

    Please SEE exhibit "B", which goes to show how ineffective the Grievance procedure is at SCI-Waymart; As well as, how an inmate is estopped from reaching Final Grievance goal, by inmate being shifted

-5-

from one c/o, or Official to another, and making of false statements in the response.

SEE exhibit "C", goes to show how Plaintiff Retherfor, is being denied the right to take advantage of the "Hair-Cut Exception", despite the documents he has submitted in support of showing that he is 1. A Native American; and, 2. That as such, he has a constitutional right to wear Long Hair indigenous to his Tribe's culture and religion. Plaintiff has yet to be resolved despite all his efforts to have a good faith resolvement of the matter.

SEE exhibit "D", and (D "1"), which goes to show how inmates are being charged different Prices for particles of mail, which weigh the same as to contents, as well as envelopes.

SEE exhibit "E", which goes to show another instance of how Staff Officials will try to evade giving fair treatment to a good faith and necessary request for aid in serious matters, which does not go against the penal interest. Plaintiff suggests such action to constitute a denial of access to the Court.

3. Plaintiffs submit that there are many other grievances filed by putative plaintiffs, which support Plaintiff's allegation of the inadequacy of SCI-Waymart's Grievance procedures; And but for a denial of Plaintiff's request for permission to have Photocopies of such documents against his Inmate Account, such documents would have been attached to this Brief;

In the instant case, exhaustion of administrative remedies should not be required by this Court, since the existing administrative remedy is shown to be inadequate. SEE Amato v. Bernard, 618 F.2d 559 (9th

- 6 -

Cir. 1980); Abdul-Khabir v. Lichtenberger, 516 F.Supp.673,675 (E.D.Va. 1981).

4. Denial to Plaintiff Carmichael's request for Emergency relief in the way of having photocopies made of documents necessary to support his Brief due before he would be paid his monthly "Idle Pay" of $14.40; constituted "Exigent Circumstances"; and, such failure to permit the request violated Plaintiff's right of access to the Court, in violation of his Fourteenth Amendment rights...... See Harrell v. Keohane,621 F.2d 1058( 10th Cir. 1980)(prisoners not entitled to free photocopies but should be allowed to pay for photocopies as part of meaningful access to the Courts). Even assuming that plaintiff had the Idle pay in his account; he should not have been required to choose between purchasing hygienic supplies and legal supplies. (Souder v. McGuire, 516 F.2d 820( 3rdCir.1975); Therefore, this Court in its discretion should waive the exhaustion requirement. See Miller v. Stamers,636 F.2d 986,991 note 8 (5th Cir. 1981).

Plaintiffs submit that administrative autonomy requires that an agency be given an opportunity to correct its own errors;....United States, ex rel Marrero v. Warden, Lewisburg Penitentiary, 483 F.2d 656,659 (3rd Cir. 1973), so long as it is meaningful and properly used in good faith by both staff and inmates;  However, as shown, in the instant case the Waymart Staff and their subordinates have not acted on plaintiffs complaints and grievances in good faith; On the contrary, they have acted in concert to frustrate every attempt by plaintiffs to grievance issues and expect anything less than an arbitrary, capricious response, and/or threaten

retaliatory action, and manipulate the ignorance of a plaintive, or

- 7 -

psychologically coerce that one in a way so as to prevent the matter from going beyond the initial grievance state of the exhaustion procedure.

5.  Plaintiffs understand that the administrative remedy system is intended to help make the system work by permitting prisoners to air their complaints, receive fair recognition and honest response to their complaints from staff, and pursue appeals if they remain dissatisfied; Nevertheless, the staff and their subordinates at SCI-Waymart, gives little heed to such a philosophy; Because, as it is often stated by both staff and subordinates herein," We at Waymart have our own way of doing things"; And, in the instant case that way has been to frustrate any attempt by plaintiffs to have their day in this Court where they will be able to prove the allegations set forth in their Complaint; In the interim, plaintiffs must suffer irreparable injury, as a consequence of the inadequacy of the way the administrative remedy procedure/process is misused and misapplied by the Defendants, who knew or should have known that their actions and/or failure to act in a way to insure that plaintiffs received a fair, efficient and unbiased review of their complaints and grievances, violated plaintiffs' rights guaranteed under the First Fifth, 8th, and 14th Amendments to the U.S. Constitution.

Finally, plaintiffs submit to this Honorable Court that exhaustion in this case should not be required; Because, where at least one of the plaintiffs in a class action suit have exhausted his remedies; along with the other reasons set forth herein exhaustion should not be required in this case; Therefore, Commonwealth Defendants' Motion to Dismiss should be denied.

-8-

## CONCLUSION

For the reasons plaintiffs have set forth in their response to Commonwealth Defendants' Motion To Dismiss, and especially with regard to the requirements of PLRA Commonwealth Defendants' Motion to Dismiss should be denied; Or, in the alternative, Stay the action until Plaintiffs have had opportunity to complete (if necessary) any grievances deemed un grievanced to finality.

Respectfully submitted,

JOHN CARTER

Plaintiff

By: *Arthur Carmichael*

ARTHUR CARMICHAEL

Plaintiff

P.P. # DD - 0879

P.O. Box 256, Route 6

Waymart, Pa. 18472-0256

DATE: August 2, 2000 c.e.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CARTER, ET AL.,
    Plaintiffs
    vs.
MARTIN HORN, COMMISSIONER,
DEPT OF CORRECTIONS, ET AL.,
    Defendants

1:CV-00-0834
(Judge Caldwell)

## CERTIFICATE OF SERVICE

I, Arthur Carmichael, Plaintiff, hereby certify that on this date I caused to be served the foregoing Motion In Opposition To Commonwealth Defendants' Motion To Dismiss by depositing copy of same in the United States mail-box, on C-1 Block, in SCI-Waymart, Pa., postage prepaid and addressed to the following:

Seth A. Mendelsohn, (DAG)
Office Of The Attorney General
15th Floor - Strawberry Square
Harrisburg, Pa. 17120

By: *Arthur Carmichael*
Arthur Carmichael, Plaintiff
P.P. # 00-0875
P.O. Box 256, Route 6
Waymart, Pa. 18472-0256

DATED: August 8, 2000 a.s.