UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CARTER, ET AL., :
:
    Plaintiffs :
:
v. : CIVIL NO. 1:CV-00-0834
:
MARTIN HORN, Et al., : (Judge Caldwell)
:
    Defendants :

FILED
HARRISBURG, PA

FEB 1 5 2001

MARY E. D'ANDREA, CLERK
PER_____ DEPUTY CLERK

M E M O R A N D U M

I.    Introduction.

    This is a pro se civil rights action filed under 42 U.S.C. § 1983 by five inmates at the State Correctional Institution at Waymart, Pennsylvania, seeking injunctive, declaratory and monetary relief. Pendent state-law claims have also been asserted. The Plaintiffs allege unconstitutional conditions of confinement at Waymart and seek class action certification for themselves and an estimated 1600 inmates who have allegedly suffered from inhumane living conditions at that prison since 1993.

    We are considering the motion of the thirteen "Commonwealth defendants" under 28 U.S.C. § 1997e to dismiss the complaint for

Certified from the record
Date 2/15/01
Mary E. D'Andrea, Clerk
Per_____
Deputy Clerk

AO 72A
(Rev.8/82)

failure to exhaust administrative remedies.[1]  The motion will be granted.

II.   Discussion.

In regard to exhaustion of administrative remedies, 42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Thus, prisoners are required to exhaust available administrative remedies for claims about prison conditions before seeking relief pursuant to 42 U.S.C. § 1983 or any other federal law.

The Pennsylvania Department of Corrections has a Consolidated Inmate Grievance Review System.  DC-ADM 804 (effective October 20, 1994).  With certain exceptions not applicable here, DC-ADM 804, Section VI ("Procedures") provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Grievance Officer; an appeal from the Officer's decision may be made in writing to the Facility Manager or Community Corrections Regional Director; and a

---

[1] The Commonwealth defendants are: Martin Horn, Jeffrey A. Beard, Raymond J. Colleran, James T. Wynder, John T. Shemo, Thomas B. Patterson, Paul Delrosso, Gerald Sobotor, Bernard Chipego, Milton Friedman, Emanual Patterson, Noel Booth and Patrick Herbert.

2

final written appeal may be presented to the Chief Hearing Examiner.

Moreover, effective May 1, 1998, the Department of Corrections amended DC-ADM 804 to provide that a prisoner, in seeking review through the grievance system, may include requests for "compensation or other legal relief normally available from a court." (DC-ADM 804-4, issued April 29, 1998.). Further, the amendment allows for extensions of time to file grievances for good cause, and an extension "will normally be granted if the events complained of would state a claim of a violation of a federal right." Id.

The Plaintiffs have presented wide-ranging claims about conditions at Waymart, including cell temperatures, medical treatment, hiring practices for guards, and decisions about the television programs to watch in the day rooms. These are complaints about prison conditions and hence subject to section 1997e's requirement of exhaustion of administrative remedies. See Booth v. Churner, 206 F.3d 289 (3d Cir. 2000), cert. granted, 121 S.Ct. 377, (U.S. Oct. 30, 2000) (No. 99-1964).

However, the Plaintiffs have failed to exhaust those remedies. Their opposition to the dismissal motion admits that they never attempted to take any grievance beyond Waymart, even though the grievance procedure requires them to go to the Chief Hearing Examiner. The Plaintiffs must fully exhaust

3

administrative remedies. <u>Ahmed v. Sromovski</u>, 103 F. Supp. 2d 838 (E.D. Pa. 2000).

The Plaintiffs cannot avoid dismissal by arguing that Waymart personnel give them "false" answers on grievances or that they fear retaliation if they use the grievance procedure. It would defeat the purpose of the exhaustion requirement if a prisoner-plaintiff could avoid the procedure by asserting (essentially) that he received answers he did not like, or by making an unsubstantiated claim that he fears retaliation.

We note that the Plaintiffs also seek to excuse exhaustion by arguing that plaintiffs Carter and Carmichael did not receive replys from Waymart officials to a grievance each had filed. We do not believe that the possible breakdown of the procedure in two instances should allow the Plaintiffs to litigate their wide-ranging claims concerning conditions of confinement.

Thus, the Plaintiffs' failure to comply with 42 U.S.C. § 1997e(a) warrants the dismissal of the federal claims, but without prejudice. See <u>Stewart v. Hands</u>, Civil No. 00-0245 (M.D. Pa. April 17, 2000) (Caldwell, J.). We decline to exercise jurisdiction over the state-law claims and they will also be dismissed without prejudice.

4

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: February 15, 2001

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CARTER, ET AL.,          :
      Plaintiffs    :
                     :
    v.              :    CIVIL NO. 1:CV-00-0834
                     :
MARTIN HORN, Et al.,          :    (Judge Caldwell)
                     :
      Defendants    :

FILED
HARRISBURG, PA
FEB 1 5 2001
MARY E. D'ANDREA, CL[ERK]
PER_____/DEPUTY CLERK

O R D E R

AND NOW, this 15th day of February, 2001, it is ordered that:

    1. The following motions are dismissed as moot: (a) the Plaintiffs' motion (doc. 3) for appointment of counsel; (b) the plaintiffs' motion (doc. 1) for sanctions against defendant Loomis; (c) the Plaintiffs' motion (doc. 2) to have Marshals serve process; and (d) the motion of defendants Bekele, Kiraly, Jeffes and Loomis (doc. 1) to dismiss the complaint.

    2. The Commonwealth Defendants' motion (doc. 6) to dismiss the complaint is granted. The federal claims are dismissed without prejudice, pursuant to 42 U.S.C. § 1997 e(a) for failure to exhaust administrative remedies.

    3. The state-law claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

    4. The Clerk of Court is directed to close this case.

    5. Any appeal from this order would not be taken in good faith.

/s/ William W. Caldwell
WILLIAM W. CALDWELL
United States District Judge

AO 72A
(Rev.8/82)

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

February 15, 2001

Re: 1:00-cv-00834    Carter v. Horn

True and correct copies of the attached were mailed by the clerk
to the following:

    John Carter
    SCI-WAYMART
    CN-1404
    P.O. Box 256
    Route 6
    Waymart, PA  18472

    David Campbell
    SCI-WAYMART
    DJ-0505
    P.O. Box 256
    Route 6
    Waymart, PA  18472

    Arthur Carmichael
    SCI-WAYMART
    DD-0875
    P.O. Box 256
    Route 6
    Waymart, PA  18472

    Jimmy Lee McWhirter
    SCI-WAYMART
    CC-8387
    P.O. Box 256
    Route 6
    Waymart, PA  18472-0256

    Mariano Pellot
    SCI-WAYMART
    BE-2490
    P.O. Box 256
    Route 6
    Waymart, PA  18472-0256

    Seth A. Mendelsohn, Esq.
    Office of the Attorney General
    15th Floor, Strawberry Sq.
    Harrisburg, PA  17120

Lawrence M. Silverman, Esq.
Silverman, Bernheim & Vogel
Two Penn Center Plaza
Suite 910
Philadelphia, PA  19102

Jonathan J. Bart, Esq.
Silverman, Bernheim & Vogel
Two Penn Center Plaza
Suite 910
Philadelphia, PA  19102

cc:
Judge                              (✓)        (✓) Pro Se Law Clerk
Magistrate Judge                   ( )        ( ) INS
U.S. Marshal                       ( )        ( ) Jury Clerk
Probation                          ( )
U.S. Attorney                      ( )
Atty. for Deft.                    ( )
Defendant                          ( )
Warden                             ( )
Bureau of Prisons                  ( )
Ct Reporter                        ( )
Ctroom Deputy                      ( )
Orig-Security                      (✓)
Federal Public Defender            ( )
Summons Issued                     ( ) with N/C attached to complt. and served by:
                                       U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5                ( )
Order to Show Cause                ( ) with Petition attached & mailed certified mail
                                       to: US Atty Gen ( )    PA Atty Gen ( )
                                           DA of County ( )    Respondents ( )

Bankruptcy Court                   ( )
Other_____        ( )

MARY E. D'ANDREA, Clerk

DATE: 2/15/01                              BY: _____
                                                Deputy Clerk